UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 25 CR 722 |
| v. | Hon. Judge Sunil R. Harjani |
| JAKE BABBE | District Court Judge |

## AGREEMENT TO DEFER PROSECUTION

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, and the defendant, JAKE BABBE, and his attorney, RYAN J. LEVITT, hereby agree to the following:

Defendant has been charged by indictment with a violation of Title 18, United States Code, Section 111(a)(1) (forcibly impeding, intimidating, and interfering with an Officer of the United States Government). Defendant understands that he has a right to have his guilt or innocence of the charges determined by a jury of his peers under the terms of the Speedy Trial Act, Title 18, United States Code, Section 3161, *et seq.* By signing this agreement, defendant agrees that, pursuant to Title 18, United States Code, Section 3161(h)(2), the period during which this prosecution is delayed pursuant to this Agreement is to be excluded in computing the time within which the trial in this case must commence under the Speedy Trial Act. Defendant knowingly waives his right to assert that his trial did not occur within the time limits prescribed by the Speedy Trial Act.

The United States Attorney will move the district court, pursuant to Title 18, United States Code, Section 3161(h)(2), to defer the prosecution of defendant on the indictment for 12 months for the purpose of allowing defendant to demonstrate his good conduct during this period. For the purpose of demonstrating his good conduct, defendant agrees to abide by the conditions and requirements of this Agreement set out below.

### Conditions of Pretrial Diversion

1. Defendant shall not violate any law (federal/state/local). Defendant shall immediately contact his pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer.

1

2.     Defendant shall attend school or work regularly at a lawful occupation or otherwise comply with the terms of the special program described below. If defendant loses his job or is unable to attend school, defendant shall notify his pretrial diversion supervisor promptly.

3.     Defendant shall report to his Pretrial Diversion Supervisor as directed, and comply with his or her instructions

4.     Defendant shall continue to reside in his current judicial district. If defendant intends to move out of that district, defendant shall inform his pretrial diversion supervisor four weeks in advance of doing so.

5.     Defendant shall not travel outside the Northern District of Illinois without first notifying his pretrial diversion supervisor one week in advance of doing so.

6.     Defendant shall not possess any firearm or apply for any Firearm Owner's Identification card.

7.     Defendant shall pay a fine totaling $2,500 prior to the conclusion of the diversionary period. All payments are to be made to the Clerk of the Court.

8.     Defendant shall participate in an anger management counseling program. The anger management therapist may be chosen at Defendant's direction. Defendant may attend the sessions virtually. Defendant agrees to participate in at least three such sessions.

### Admissions by Jake Babbe

On or about October 31, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, defendant JAKE BABBE forcibly impeded, intimidated and interfered with an Officer of the United States Government (as defined in Title 18, United States Code, Section 1114), namely, a Border Patrol Agent, while engaged in the performance of his official duties, and such acts involved physical contact with the victim, in violation of Title 18, United States Code, Section 111(a)(1).

More specifically, on October 31, 2025, at approximately 9:30 a.m., in the area of West Lawrence Avenue and North Kedzie Avenue, in Chicago, Illinois, agents with the United States Border Patrol ("USBP"), including Border Patrol Agent 1 ("BPA 1") initiated a foot pursuit of an unknown individual. The Border Patrol Agents, including BPA 1, were wearing USBP uniforms that indicated their status as United States law enforcement officials, and were in the vicinity of BABBE during their

2

pursuit of the unknown individual. Shortly after 9:30 a.m., BPA 1 had just terminated his foot pursuit of the unknown individual and was walking with a limp on the sidewalk, when BABBE swore at and said words to BPA 1. Moments later BABBE used his open left hand and made physical contact to the right side of BPA 1's face in an effort to pull down his facemask.

## Further Agreements Between the Parties

If, at any point during the period of this Agreement, defendant violates any condition of this Agreement, the United States Attorney may unilaterally revoke or modify any conditions of this Pretrial Diversion Agreement and/or change the period of supervision, which shall in no case exceed 24 months. The United States Attorney may release defendant from supervision at any time. The United States Attorney may at any time within the period of defendant's supervision initiate prosecution for this offense should defendant violate the conditions of this Agreement. In this case the government will furnish defendant with notice specifying the conditions of the Agreement which defendant has violated.

If defendant successfully completes this diversion program and fulfills all the terms and conditions of the Agreement, the government will move the Court to dismiss the indictment against defendant.

Defendant understands that this Agreement is a public document and may be disclosed to any party.

Defendant understands that pursuant to Title 18, United States Code, Section 3161(h)(2), this Agreement is subject to approval by the Court. Should the Court refuse to approve, and thereby reject, this Agreement, neither party shall be bound to any term of this Agreement, and no admissions in this Agreement may be used against defendant.

## Waiver of Claims Arising From Delay

I, JAKE BABBE, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or in bringing a defendant to trial. I hereby request the United States Attorney for the Northern District of Illinois to defer any prosecution of me for violation of Title 18, United States Code, Section 111(a)(1) (forcibly impeding, intimidating, and interfering with

3

an Officer of the United States Government) for the period of 12 months, and to induce the United States Attorney to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement.

Defendant acknowledges that he has read this Agreement and has carefully reviewed each provision with his attorney. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

Date: 5/27/2026

**JAKE BABBE**
Defendant

Date: 5/27/26

**RYAN J. LEVITT**
Attorney for Jake Babbe

AARON BOND
Digitally signed by AARON BOND
Date: 2026.05.26 09:31:18 -05'00'

Date: May 26, 2026

**AARON R. BOND**
Assistant U.S. Attorney

4